## T. & C. Insurance Company *v.* Fouke.

### Opinion delivered March 28, 1910.

1. Evidence—opinion of expert.—It was not error to permit a witness experienced in the use of a blow lamp which he was using to remove paint from a building, and the negligent use of which by him is alleged to have set fire to the building, to testify that he was using the lamp carefully at the time, if it was impossible to present the facts fully to the jury. (Page 361.)

2. Same—when harmless.—If it was error to permit a witness to testify that the employee of defendants, whose negligence is alleged to have caused the fire loss, was a skilled workman, such error was rendered harmless by an instruction to the effect that if plaintiff's house was set on fire by the use of a blow lamp in the hands of defendants' employee, then, before they could find for the defendants, they must prove "that said employee was a competent man and used due care in the use of said lamp." (Page 362.)

3. Negligence causing fire—presumption—instructions.—It was not error to refuse to instruct the jury that if the fire in question was caused from a blow lamp in the hands of defendants' employee then the presumption arose that it occurred by reason of defendants' negligence, and that the burden of proof was upon defendants to overcome this presumption, where the court had instructed the jury that if they found that defendants' employee caused the fire they must return a verdict for plaintiffs unless the defendants showed that their employee used ordinary care to prevent setting fire to the building. (Page 363.)

4. Instructions—when abstract.—A requested instruction, in an action against painters for negligently burning a house while removing old paint, that if defendants agreed to do the work in a certain manner, and adopted a more dangerous method, then defendants would be liable was properly refused where plaintiffs consented to the method of doing the work and it was the only practical method. (Page 363.)

Appeal from Miller Circuit Court; *Jacob M. Carter,* Judge; affirmed.

Action by the T. & C. Insurance Company and others against G. W. Fouke and others. From a judgment for defendants plaintiffs have appealed.

*Frank S. Quinn* and *R. M. Mann,* for appellant.

It was error to admit evidence to show that the lamp was used carefully. 55 S. W. 534; 13 S. E. 459; 11 S. E. 499. As to whether it was used carefully was a question for the jury.

81 Ark. 591; 110 S. W. 99; 67 Ark. 371. It is error to admit evidence of the general skill and competency of an employee. 85 Fed. 353; 115 Fed. 268; 76 Ark. 302; 58 Ark. 454; 3 L. R. A. 363; 54 N. W. 208; 48 S. W. 835. Ordinary care in all cases is proportioned to the danger to be apprehended. 61 Ark. 381; 65 Ark. 255; 84 Ga. 420; 11 S. E. 499; 94 U. S. 454; 69 N. E. 557; 80 S. W. 429; 166 U. S. 617; 89 S. W. 324; 86 Ark. 329; 89 Ark. 522. It is error to submit question to the jury about which there is no evidence. 78 Ark. 553; 72 Ark. 440; 88 Ark. 20.

*Webber & Webber,* for appellee.

The witness' statement that the lamp was carefully used was properly admitted. Thom. on Neg., § 7750, 7751, 7752, 7753. The *onus probandi* is upon appellant throughout.     163 N. Y. 447; 57 N. E. 751; 82 N. E. 1025; 16 L. R. A. (N. S.) 527. On the doctrine of *res ipsa loquitur,* see 15 L. R. A. 33; 184 Pa. St. 519; 39 L. R. A. 842; 41 L. R. A. 478; 21 L. R. A. 256.

FRAUENTHAL, J. This was an action to recover damages done to a frame dwelling in the city of Texarkana caused, as it was alleged, by the negligent setting out of fire. The house was owned by F. W. Hill, one of the plaintiffs below, and at the time of the fire it was insured against loss or damage from such cause by the other plaintiff, T. & C. Insurance Company, who, under the terms of the policy of insurance, having paid the damage to the house, became subrogated to all rights and claims which said Hill had against the defendant, and joined said Hill in this suit.

The owner employed the defendants to repaint the dwelling, and they agreed to steel brush and sand paper said building to a smooth surface before repainting it. They proceeded with the work, and claimed to have completed same in accordance with the contract. The owner claimed that a portion of the house had not been properly repainted, but made full payment to the defendants for the work. The defendants agreed to repaint this portion of the house, but told the owner that it could only be done by burning off the paint already put on that portion of the house, and the owner assented to the work being done in that manner. In order to remove the paint,

it was necessary to burn it off with a blow lamp. This was done by applying the flames to the paint on the surface of the wood and following it with a knife and scraping off the paint while thus heated by the flames. The defendants sent one of its employees to do the work, and while he was thus engaged the house caught fire. At this time the house was occupied by a tenant who had built a fire in his stove in the house on the same day. There was a conflict in the testimony as to the manner in which the fire occurred. The plaintiff contended that it was caused by the flames from the blow lamp, and the defendants claimed that it was caused by a defective flue in the house. There was sufficient evidence introduced to sustain a finding that the fire had occurred from either cause.

Upon its own motion the court gave the following instruction to the jury:

"B. Under the pleading and evidence in this case the burden is on the plaintiff to show by a preponderance or greater weight of the evidence that the defendants, through agents or employees, set out the fire that caused the destruction of the property in question. If you fail to find that from a preponderance of the testimony, your verdict will be for the defendants. But if you find from a preponderance of the evidence as heretofore told you that the defendants did, through their agents in the execution of this work, set out the fire that caused the destruction of the property in question, then you will find for the plaintiff, unless the defendants have shown, either from their own testimony or from all the testimony in the case, that they used ordinary care in the execution of the work to prevent the setting out of the fire. What is meant by the term 'ordinary care' in the foregoing instruction is that the defendants used such care as an ordinary prudent man would use in the execution of similar work under similar circumstances."

At the request of the plaintiffs it gave the following amongst other instructions:

"6. You are instructed that if you believe from the evidence that the employee of defendants, in burning the paint off said dwelling house mentioned in plaintiff's complaint with a lighted blow lamp, failed to use such care as the nature of the employment and the situation and circumstances required of an

ordinarily prudent person, having had experience and skill in such work, and that by reason thereof the said house was set on fire, by which said house was destroyed or damaged, you will find for the plaintiffs."

At the request of the defendants the court gave the following instruction:

"3.   If you believe from the evidence that the house was set on fire by the use of the blow lamp in the hands of defendants' employee, but that said employee was a competent man, and used due care in the use of said lamp, and that such fire was the result of causes beyond his knowledge and control, your verdict should be for the defendants."

The jury returned a verdict in favor of the defendants, and the plaintiffs prosecute this appeal.

The plaintiffs do not contend that there was not sufficient evidence adduced in the trial of the case to sustain the verdict; but they urge that errors were committed by the trial court in the admission of certain testimony and in the giving and refusing certain instructions. The employee of the defendant who was engaged at the work at the time of the fire was a witness in the case. He described in detail the manner in which he was using the lamp and doing the work. The work required skill and expertness in the handling of the lamp, and in obtaining the proper heat when the flames were applied to the wood surface. He testified that he had twenty years' experience in the work, and was skillful in the performance of the duties of the undertaking. Over the objection of plaintiffs, he was asked by counsel for the defendants whether "the lamp was used carefully at the time," to which he replied that it was. Counsel for plaintiffs urge that this testimony was inadmissible because it was but the opinion of the witness. We do not think that the admission of this testimony was erroneous. The witness had testified in detail as to the manner in which he handled the lamp and did the work in order to show the care with which it was done. It was difficult, if not almost impossible, to present the manner in which the lamp was manipulated, as it was done with quick movements; the witness had given all the details to which he could give expression, and these facts were presented to the jury so that they understood

that this inference of the witness was based upon these facts that they were to pass on themselves, and they could not have been misled thereby. It is true that ordinarily the opinion of a witness as to whether or not an act was done carefully is not admissible. But "where the facts are of such a character as to be incapable of being presented with their proper force to any one but the observer himself, so as to enable the tryers to draw a correct or intelligent conclusion from them, without the aid of the judgment or opinion of the witness who had the benefit of personal observation, he is allowed, to a certain extent, to add his conclusions, judgment or opinion." 6 Thompson on Negligence, § 7750.

Furthermore, the witness was giving evidence in regard to a matter that required the aid of an experience outside of that possessed by the jury to fully understand it. The testimony related to a character of work not universally understood, and to the manipulation and working of a mechanical contrivance that is not generally known. The witness possessed special skill and expertness in regard to the matter, and therefore his inferences and conclusions relative thereto were admissible as those of a skilled or expert witness. 1 Greenleaf on Evidence (16th Ed.) 441b; 6 Thompson on Negligence, § 7749; 17 Cyc. 64.

It is also urged that error was committed by the lower court by permitting the witness Faison to testify that the employee who was using the blow lamp at the time of the fire was a skilled workman. But we do not think that this error, if any, was or could have been prejudicial by reason of instruction number 3, which was given to the jury at the request of the defendant. By that instruction the court told the jury, in effect, that if the house was set on fire by use of the blow lamp in the hands of the defendants' employee, then, before they could find for the defendants, they must prove "that said employee was a competent man and used due care in the use of said lamp." The court thus imposed the burden upon the defendants of proving that due care was used by the employee in the use of the lamp in addition to proving that the employee was a competent workman. The error, if any, of permitting testimony to be introduced to show that this employee was a competent workman was rendered harmless by this instruction, which

required the defendants to prove also that the employee was free from negligence at the time of the fire.

The plaintiffs requested the court to instruct the jury, in substance, that if they found that the fire was caused from the blow lamp in the hands of defendants' employee, then the presumption arose that it occurred by reason of defendants' negligence, and that the burden of proof was placed upon the defendants to overcome this presumption. The court refused to give this instruction; and in this ruling we do not think that the court committed prejudicial error. The court gave the above instruction "B" upon its own motion, and therein substantially instructed to the same effect. The court therein told the jury that if they found that defendants' employee caused the fire then they must return a verdict for plaintiffs unless the defendants showed that their employee used ordinary care in the execution of the work to prevent the setting out of the fire. Presumptions relate to matters of evidence, and indicate upon which party rests the burden of proof. By the instruction requested by them the plaintiffs desired the court to tell the jury that if the defendants caused the fire then it would be presumed that it was caused by their negligence, and the burden to overcome the presumption of negligence was on the defendants. Now, negligence is but the want of ordinary care, and if ordinary care has been exercised then there is no negligence. In the instruction given by the court it told the jury that if the defendants caused the fire then they must show that they used ordinary care; otherwise to return a verdict for the plaintiffs. This in effect told the jury that the burden was on the defendants to show that their employee was not guilty of negligence, in event they found that the fire was caused by defendants' employee.

The plaintiffs requested the court to instruct the jury, in substance, that if the defendants agreed to do the work of repainting in a certain manner and adopted another and more dangerous mode of doing the work which caused the fire, then the defendants would be liable. But the undisputed evidence is that the plaintiffs consented that the work of removing the paint should be done by burning it off, and that this was the only practical mode of removing it. The instruction was therefore without the evidence adduced in the case, and was abstract. The court did not commit error in refusing it.

The plaintiffs requested that certain of the instructions given be modified, so that in effect they should tell the jury that proof that the defendants' employee had caused the fire could be made by testimony that was either direct or circumstantial; but we think that this was sufficiently done by the other instructions that were given.

The plaintiffs urge a number of other errors which they claim were committed by the lower court in its rulings upon giving instructions and in refusing other instructions requested by it. We do not think it would serve any useful purpose to further set out these contentions in detail. We have carefully examined into each of these alleged errors, and we do not find that the court committed any prejudicial error in any of its rulings, nor that plaintiffs were deprived of a fair trial of this cause.

This action is the second suit brought by reason of this fire against the defendants. The other case is reported in 90 Ark. 247; under the style of *Nebraska Underwriters Insurance Co.* v. *Fouke*. That case involved the damage to the personal property situated in the dwelling. In that case substantially the same evidence was introduced as in this case; and the same instructions were in effect given, except that the instruction set out in the opinion in that case, and which was refused, was given in this case. In the opinion rendered in that case we did not specifically say that we did not find any error in the trial of the case other than in the refusal to give the instruction therein set out; but we were of the opinion then, and we are of opinion now, that no other error was committed by the court in its rulings upon the instructions in that case. And we are of the opinion that no prejudicial error was committed by the lower court in the trial of this case.

The judgment is affirmed.